UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TAMMY MILLER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|           v. | ) | 1:16-cv-00503-JDL |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) | |
| | ) | |
|    Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Following a favorable judgment after remand to the Social Security Agency, Tammy Miller seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18. The motion is opposed by the defendant, the Acting Commissioner of Social Security (the "Commissioner").

**I. DISCUSSION**

The EAJA allows the reimbursement to the prevailing party of "fees and other expenses" incurred in prosecuting or defending a suit against the United States. 28 U.S.C.A. § 2412(d)(1)(A) (2017). The moving party bears the burden of establishing the reasonableness of their fee request. *Mason v. Maine Dep't of Corr.*, 387 F. Supp. 2d 57, 60 (D. Me. 2005). Under the so-called lodestar methodology, I must determine whether the amount of time spent on the case and the requested hourly rate are reasonable, and then multiply those factors together to come up with a reasonable fee amount, which may be adjusted if I determine that the fee application contains

unreasonable and unproductive expenditures of time. *Haskell v. Soc. Sec. Admin. Comm'r,* 2012 WL 1463300, at *1 (D. Me. Apr. 24, 2012).

Miller's fee request is accompanied by an itemization of the time spent by Plaintiff's counsel on this case and an affidavit in support of the fee application. Miller seeks compensation for a total of 44.7 hours, comprising 25.9 hours of attorney time and 18.8 hours of paralegal time. [ECF No. 18-1 at 2.] As this Court recognized in ruling on a similar fee application in *Dowell v. Colvin,* 2015 U.S. Dist. LEXIS 1128 (D. Me. Jan. 5, 2015), a "typical" Social Security case of this type requires approximately 30 hours of work on the part of the attorney. *Id.* at *11. The 44.7 hours claimed in the instant motion exceeds that range. That fact, combined with the Commissioner's objection which sets forth a reasoned basis for an award based on no more than a total of 27.1 hours of combined attorney and paralegal time, leads me to conclude that "enhanced scrutiny" of the itemized statement is warranted. *See id.* at *12.

**A.     The Number of Hours**

The itemized time record submitted with Miller's fee application reflects that Plaintiff's counsel spent 25.9 hours of time working on the case, including 22.1 hours reviewing and revising a paralegal's draft of the statement of errors (ECF No. 13) and 3.8 hours drafting the complaint and summons, preparing and reviewing correspondence, reviewing court orders, and drafting Miller's EAJA motion and affidavit. The itemized time record also reflects that Plaintiff's counsel's paralegal spent 18.8 hours working on the case, including 11.5 hours performing research for

and drafting the statement of errors, 6.5 hours reviewing the case file, and 0.8 hours preparing the EAJA application.

Plaintiff's counsel and his staff devoted 40.1 of the claimed 44.7 hours expended in the case on the statement of errors and review of the case file. I conclude that this is an excessive amount of time, and draw upon the reasoning in *Staples v. Berryhill*, where the court concluded that 32.85 hours for preparation of the statement of errors was excessive where counsel had represented the plaintiff for a period of years and was familiar with the factual and legal issues of the case; where the record at issue totaled 931 pages; and where the plaintiff had raised mere "garden-variety issues." *Staples,* 2017 WL 2570890, at *3 (D. Me. June 13, 2017). Likewise, in this case, Plaintiff's counsel has represented Miller in this matter since 2012, ECF No. 9-4 at 7, and therefore was already familiar with the underlying issues.[1] Moreover, the 1,030-page record in this case is comparable in scope to the record in *Staples*. *See* ECF No. 9; *Staples,* 2017 WL 2570890, at *3. Finally, Miller does not dispute the Commissioner's argument that the case did not present any novel or especially complex issues. *See* ECF No. 19 at 3; ECF No. 20.

The preparation of the statement of errors and review of the case file, specifically, could have been reasonably accomplished in approximately two-thirds of the time and, therefore, warrants a deduction of 13 hours. Of the 22.1 attorney hours expended on these tasks, I deduct 7 hours; of the 18 paralegal hours expended on

---

[1] Miller contends that a complete review of the file was necessary in order to find a factual basis for the ALJ's assertion that Miller had failed to comply with treatment. ECF No. 20 at 1-2. However, according to the itemized time record, review of the record accounts for only 14.5% of the total time spent on the case, all of which was performed by a paralegal.

these tasks, I deduct 6 hours. This yields a fee award based on a total of 31.7 hours of attorney and paralegal time, which is comparable to other fee awards approved by this court. *See Dowell,* 2015 U.S. Dist. LEXIS 1128, at *14-15 (34.8 hours of attorney time deemed reasonable).

B.   **Hourly Rate**

Miller requests an hourly rate of $192.39 per hour for attorney time and $90.00 per hour for paralegal time. Both rates are consistent with the rates typically awarded in these cases. *See Dowell*, 2015 U.S. Dist. LEXIS 1128, at *15; *see also Staples*, 2017 WL 2570890, at *6 (approving rate of $90 for paralegal time).

## II.  CONCLUSION

Based on the foregoing, I find that Miller is eligible for an award of attorney's fees, and that, based upon Plaintiff's counsel's itemized time record, a reasonable amount of compensable time is 31.7 hours, rather than the 44.7 hours requested. I also find that the hourly rates for attorney time and paralegal time are reasonable. Plaintiff's motion (ECF No. 18) is therefore **GRANTED**, and the Plaintiff is awarded attorney's fees and costs as follows: $3,636.17 for attorney time ($192.39 x 18.9 hours) and $1,152.00 for paralegal time ($90.00 x 12.8 hours) for a total award of $4,788.17.

**SO ORDERED.**

**Dated this 17th day of August 2017**

                                                      /s/ JON D. LEVY
                                                  **U.S. DISTRICT JUDGE**